[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal in which defendant-appellant, Jonathon Davish, a minor, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, committing him to the Department of Youth Services.
On January 25, 2001, appellant was placed in Butler County Juvenile Detention Center ("BCJDC") for a probation violation. On February 2, 2001, two complaints were filed alleging that appellant was a delinquent child, based on charges of burglary. The complaint indicates that appellant was "placed in detention." On March 5, 2001, appellant was adjudicated a delinquent child based on one burglary charge. The remaining probation violation and burglary charges were merged. On March 14, 2001, appellant was committed to the Department of Youth Services ("DYS") for a minimum term of six months and was remanded to BCJDC pending transfer to DYS. According to the sentencing entry, appellant was given no credit for the time served prior to his commitment to the Department of Youth Services.
Upon appellant's motion, the trial court credited appellant for the time he was held in BCJDC from March 5, 2001, the date of the adjudication, until he was transferred to DYS. However, the trial court found that appellant was not entitled to credit for the time he was held from February 2, 2001 through March 5, 2001. Appellant appeals, alleging that the trial court erred by denying him credit for this period of time.
The assignment of error is sustained. A delinquent child committed to DYS pursuant to R.C. 2151.355(A) is entitled to credit for the total number of days held in detention prior to the transfer of physical custody of the child to the department. R.C. 2151.355(F)(6); In reHughley (Feb. 13, 1998), Hamilton App. No. C-970176, unreported; In reRoux (Aug. 24, 1998), Noble App. No. 238, unreported. Accordingly, appellant should have received credit for the time he was held subsequent to the filing of the burglary complaints on February 2, 2001 until the March 5, 2001 adjudication hearing.
The decision of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this entry.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
JAMES E. WALSH and STEPHEN W. POWELL, concur.